# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EILEEN PATRICK, KURT | : | |
| UNDERKOFLER, SUSAN A. HELSEL, | : | |
| Appellants | : | |
| VS. | : | 3:CV-06-0978 |
| | : | (JUDGE VANASKIE) |
| | : | |
| DELL FINANCIAL SERVICES, DELL | : | |
| INC. Agent of Dell Computer Corp. | : | |
| CIT GROUP, INC., NEWCOURT | : | |
| CREDIT GROUP, INC., TYCO | : | |
| IINTERNATIONAL, LTD/BER, Agent of | : | |
| Tyco International, Ltd. Agent of Tyco | : | |
| International (US), Inc. | : | |
| | : | |
| DELL FINANCIAL SERVICES, | : | |
| Appellee | : | |

| | | |
|---|---|---|
| DELL FINANCIAL SERVICES, DELL | : | |
| INC. t/d/b/a Dell Computer Corp., CIT | : | |
| GROUP, INC., NEWCOURT CREDIT | : | |
| GROUP, INC., TYCO INTERNATIONAL | : | |
| LTD/BER | : | |
| | : | |
| DELL FINANCIAL SERVICES, | : | |
| Appellant | : | |
| VS. | : | 3:CV-06-1061 |
| | : | (JUDGE VANASKIE) |
| EILEEN PATRICK, KURT | : | |
| UNDERKOFLER, SUSAN A. HELSEL, | : | |
| Appellees | : | |
| | : | |
| CHARLES J. DEHART, III | : | |
| Trustee | : | |
| | : | |
| UNITED STATES TRUSTEE | : | |
| Trustee | : | |

## MEMORANDUM

At issue in this bankruptcy case is whether two Orders entered by the United States Bankruptcy Court for the Middle District of Pennsylvania are appealable to this Court under 28 U.S.C. § 158.  Eileen Patrick, Kurt Underkofler, and Susan A. Helsel (collectively, "Debtors"), individually and on behalf of others similarly situated, commenced the underlying adversary proceeding by filing a Complaint against, inter alios, Dell Financial Sevices, L.P. ("DFS"), alleging improprieties in the submission of proof of claims in Chapter 13 bankruptcy proceedings.[1]  DFS filed a motion to dismiss the Complaint, which the Bankruptcy Court granted in part and denied in part.  As relevant here, the Bankruptcy Court entered an Order on December 8, 2005, dismissing Counts III and IV of the Complaint, and also deciding that it has national subject matter jurisdiction over Debtors' class action claims (the "December 8 Order").

After the Bankruptcy Court disposed of the motion to dismiss, Debtors filed a motion to amend the Complaint to name the Trustee as an involuntary plaintiff in the adversary proceeding.  The Bankruptcy Court denied this motion in an Order entered on April 17, 2006 (the "April 17 Order").

Debtors appeal the December 8 Order dismissing part of their Complaint, as well as the April 17 Order denying their motion to amend the Complaint.  This appeal is docketed at No.

---

[1]The adversary proceeding was instituted in connection with the Chapter 13 bankruptcy case of Eileen and Robert Patrick.  See In re: Eileen and Robert Patrick, No. 04-51796 (JJT) (Bankr. M.D. Pa).

2

3:06-CV-0978. DFS appeals that part of the December 8 Order in which the Bankruptcy Court concluded that it has national subject matter jurisdiction over Debtors' class action. This appeal is docketed at No. 3:06-CV-1061.

Before the Court is DFS's Motion for Leave to Appeal (Dkt. Entry 2 in No. 3:06-CV-1061) and its Conditional Motion to Dismiss Debtors' Appeal (Dkt. Entry 13 in No. 3:06-CV-0978). For the reasons that follow, the Court concludes: (1) the December 8 and April 17 Orders are non-final, interlocutory orders that are not appealable as of right; but (2) DFS and Debtors will be granted leave to appeal the December 8 and April 17 Orders.

## I. BACKGROUND

On or about March 23, 2005, Debtors filed a five-count class action Complaint in the Bankruptcy Court against DFS asserting claims under the Bankruptcy Code. (DFS's Br. in Supp. of Conditional Mot. to Dismiss ("DFS's Supp. Br."), Dkt. Entry 14, No. 3:06-CV-0978, at 1; Debtors' Br. in Opp'n to DFS's Conditional Mot. ("Debtors' Opp'n Br."), Dkt. Entry 22, No. 3:06-CV-0978, at 2.)[2] Debtors initiated the action on behalf of a putative nationwide class of Chapter 13 debtors. Among other things, Debtors sought damages and declaratory and injunctive relief. Debtors allege that DFS "systematically filed" proof of claims in various bankruptcy proceedings and represented that the claims were secured, when DFS knew the

---

[2]Debtors named several other entities as Defendants in their Complaint. The parties stipulated to the dismissal without prejudice of those Defendants. (See DFS's Supp. Br., at 1 n.2.)

claims were unsecured, in order to receive a greater distribution from the bankruptcy estates. (Debtors' Opp'n Br., at 2; Opinion of the Bankruptcy Court of Dec. 8, 2005 ("Dec. Op."), Ex. B to DFS's App. to Mot. for Leave to Appeal, at 1-2.)  In Count III of the Complaint, Debtors asserted a claim for "abuse of process" under 11 U.S.C. § 105.  (Id. at 5.)  In Count IV, Debtors sought to recover the excess payments received by DFS under 11 U.S.C. § 542.  (Id.)

On April 25, 2005, DFS filed a motion to dismiss the Complaint.  DFS argued that the Complaint failed to state a claim for which relief can be granted.  (DFS's Supp. Br., at 1.)  DFS also argued that the Bankruptcy Court lacked subject matter jurisdiction over the class action claims to the extent that putative class members reside outside of the Middle District of Pennsylvania.  (Id.)

The Bankruptcy Court issued the December 8 Order granting in part and denying in part DFS's motion, along with an opinion explaining its reasons.  The court dismissed Count III of the Complaint because it concluded that 11 U.S.C. § 105 cannot be used as the means to pursue a private cause of action not provided for in the Bankruptcy Code.  (Dec. Op., at 5.) The Court dismissed Count IV because, under its reading of the pertinent statutes, only a bankruptcy trustee has standing to bring an action to recover excess payments made to a creditor.  (Id.)

The Bankruptcy Court, however, denied DFS's motion to the extent it argued that the court lacked subject matter jurisdiction over a nationwide class action.  The court acknowledged

the case law that supported DFS's argument.  (Id. at 6.)  Nevertheless, the court interpreted 28 U.S.C. § 1334(b), the jurisdictional statute, in light of the Third Circuit's decision in Maritime Electric Co., Inc. v. United Jersey Bank, 959 F.2d 1194 (3d Cir. 1991), as extending jurisdiction to the extent claimed by Debtors.  (Id.)  Additionally, the court cited decisions outside the Third Circuit holding that bankruptcy courts have jurisdiction over nationwide class actions.  (Id. at 6-7.)

DFS and Debtors filed timely motions for reconsideration of the December 8 Order.  The Bankruptcy Court issued an Order on April 17, 2006, denying both motions.[3]

On February 21, 2006, Debtors filed a motion to amend their Complaint to join the Trustee as an involuntary plaintiff.  (Debtors' Opp'n Br., at 2.)  Debtors sought to join the Trustee in an effort to obtain standing to pursue an action to recover excess payments made to creditors.  (DFS's Supp. Br., at 2.)  The Bankruptcy Court's April 17 Order denied the request to amend the Complaint.

On April 26, 2006, Debtors filed a notice of appeal in the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 8001(a).  Debtors sought appellate review of (1) the December 8 Order dismissing Counts III and IV of their Complaint, and (2) the April 17 Order

---

[3]DFS and Debtors also appeal from the Bankruptcy Court's order denying their motions for reconsideration of the December 8 Order.  For the sake of simplicity, the Court will refer to both orders as the December 8 Order.

denying their motion to join the Trustee as a party.[4]  Debtors did not file a motion for leave to appeal, but instead maintained in their opening appellate brief that the December 8 and April 17 Orders are final and, therefore, appealable as of right.  (See Appellants' Br., Dkt. Entry 4, No. 3:06-CV-0978, at 9.)  Prior to filing their notice of appeal, Debtors did not request that the Bankruptcy Court enter a final judgment pursuant to Federal Rule of Civil Procedure 54(b), incorporated into bankruptcy proceedings via Federal Rule of Bankruptcy Procedure 7054(a), as to the December 8 and April 17 Orders.

On May 4, 2006, DFS filed a notice of appeal, seeking review of the December 8 Order in which the Bankruptcy Court determined it could exercise jurisdiction over a nationwide class action.[5]  DFS also moved for leave to appeal the December 8 Order pursuant to Federal Rules of Bankruptcy Procedure 8001(b) and 8003.  (Dkt. Entry 2, No. 3:06-CV-1061.)  Though DFS argues that the December 8 Order is a final order, it filed the motion to protect itself in the event this Court concludes that the December 8 Order is interlocutory.  In that regard, DFS requests that the Court exercise its discretion to allow DFS to appeal the December 8 Order.

On June 8, 2006, DFS filed a Conditional Motion to Dismiss Debtors' Appeal.  (Dkt. Entry 13, No. 3:06-CV-0978.)  DFS contends that the December 8 Order is a final order, and

---

[4]The notice of appeal was transmitted to this Court on May 15, 2006.  (Dkt. Entry 1, No. 3:06-CV-0978.)

[5]The notice of appeal was transmitted to this Court on May 24, 2006.  (Dkt. Entry 1, No. 3:06-CV-1061.)

that this Court should hear both DFS's and Debtors' appeals of that order.  If, however, the Court concludes that the December 8 Order is interlocutory, DFS argues that the Court should grant DFS leave to appeal and grant Debtors leave to appeal only if the Court determines it is appropriate in light of Debtors' failure to file a motion for leave to appeal.  If the Court denies DFS's motion for leave to appeal, DFS argues that the Court should dismiss Debtors' appeal.  If the Court grants DFS's motion for leave to appeal, DFS indicated that it does not oppose Debtors' appeal of the December 8 Order.  As for the April 17 Order, DFS argues that the order is interlocutory and, therefore, Debtors' appeal should be dismissed.

## II. DISCUSSION

### A. The December 8 Order

#### 1. The Final Order Issue

"The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees [entered by the Bankruptcy Court]."  28 U.S.C. § 158(a)(1).  Under some circumstances, courts in the Third Circuit apply a broader conception of finality to bankruptcy cases than to other types of civil cases.  See, e.g., In re Armstrong World Indus., Inc., 432 F.3d 507, 511 (3d Cir. 2005); In re Owens Corning, 419 F.3d 195, 203 (3d Cir. 2005); Adams v. Genesis Ins. Co. (In re Coram Healthcare Corp.), Nos. 00-3329 (MFW), 06-50639 (MFW), 06-167-SLR, 2007 WL 643325, at *1 (D. Del. Mar. 1, 2007); Dal-Tile Int'l, Inc. v. Color Tile, Inc., 203 B.R. 554, 556 (D. Del. 1996).  Because of the unique characteristics of

bankruptcy proceedings, finality is viewed "'in a more pragmatic and less technical sense.'" 718

Arch St. Assocs., Ltd. v. Blatstein (In re Blatstein), 192 F.3d 88, 94 (3d Cir. 1999) (quoting Se.

Sprinkler Co. v. Meyertech Corp. (In re Meyertech Corp.), 831 F.2d 410, 414 (3d Cir. 1987)).

        Nevertheless, this liberal notion of finality is not without limitation.  As our Court of

Appeals explained:

> "Despite that relaxed view of finality in the bankruptcy setting as a whole, the
> general antipathy toward piecemeal appeals still prevails in individual
> adversary actions. . . . [I]nefficient use of judicial resources is as
> objectionable in bankruptcy appeals as in other fields. . . .
>
>        ". . . Thus, in assessing the finality of a bankruptcy court order
> adjudicating a specific adversary proceeding, we apply the same concepts of
> appealability as those used in general civil litigation."

Natale v. French & Pickering Creeks Conservation Trust, Inc. (In re Natale), 295 F.3d 375, 378-

79 (3d Cir. 2002) (quoting Clark v. First State Bank (In re White Beauty View, Inc.), 841 F.2d

524, 526 (3d Cir. 1988)).  In this respect, an order in an individual adversary proceeding is not

final unless it "ends the litigation on the merits and leaves nothing more for the court to do but

execute the judgment."  Bethel v. McAllister Bros., Inc., 81 F.3d 376, 381 (3d Cir. 1996)

(internal quotation and citation omitted); see also Coram Healthcare, 2007 WL 643325, at *1.

        In this matter, Debtors' class action complaint against DFS is a specific adversary

proceeding.  The December 8 Order disposing of DFS's motion to dismiss is peculiar to this

adversary proceeding.  Therefore, contrary to DFS's argument, (see DFS's Br. in Supp. of Mot.

for Leave to Appeal, at 3-4), the traditional principles of finality govern the assessment of

whether the December 8 Order is a final order.

Applying these principles, the December 8 Order is not a final order.  The order did not terminate the litigation on the merits.  To the contrary, the Bankruptcy Court merely determined that it had subject matter jurisdiction over Debtors' national class action claims, and it dismissed part of Debtors' Complaint.  Orders denying a motion to dismiss on the ground of lack of subject matter jurisdiction, as well as orders granting in part a motion to dismiss, are generally regarded as non-final.  See, e.g., Fontana Empire Ctr., LLC v. City of Fontana, 307 F.3d 987, 991 (9th Cir. 2002); Harrison v. Nissan Motor Corp. in U.S.A., 111 F.3d 343, 347 (3d Cir. 1997).  In this connection, it is noteworthy that neither party requested a Rule 54(b) certification from the Bankruptcy Court.  See White Beauty View, 841 F.2d at 526.

Moreover, further proceedings will be necessary in the Bankruptcy Court.  For example, the parties will engage in discovery on the merits of Debtors' remaining claims and on the issue of class certification.  Indeed, there is a motion for class certification pending before the Bankruptcy Court.  And, in the absence of a grant of summary judgment, a trial on the merits of Debtors' claims will eventually occur.  Accordingly, the December 8 Order is not a final order under 28 U.S.C. § 158(a)(1) and is not appealable as of right by either party.

### 2.  The Leave to Appeal Issue

The Court's conclusion that the December 8 Order is not a final order does not necessarily foreclose appellate review at this time.  In addition to final orders and judgments,

the Court has jurisdiction to hear appeals of interlocutory orders if it exercises its discretion to grant a party leave to appeal. 28 U.S.C. § 158(a)(3). DFS urges that, should the Court conclude that the December 8 Order is not final, it should grant its motion for leave to appeal.

Although 28 U.S.C. § 158(a)(3) permits the Court to entertain appeals from interlocutory orders, the statute does not provide any criteria that would enable the Court to assess whether leave to appeal is appropriate. Rules 8001 and 8003 of the Federal Rules of Bankruptcy Procedure are similarly unhelpful in this regard. To fill this void, courts in the Third Circuit have imported the criteria of 28 U.S.C. § 1292(b) – the statutory provision governing appeals of interlocutory orders from district courts – to determine whether to accept an appeal from an interlocutory order of a bankruptcy court. See In re Sandenhill, Inc., 304 B.R. 692, 693-94 (E.D. Pa. 2004); Official Bondholders Comm. v. Chase Manhattan Bank (In re Marvel Entm't Group, Inc.), 209 B.R. 832, 837 (D. Del. 1997); EDP Med. Computer Sys., Inc. v. United States (In re EDP Med. Computer Sys., Inc.), 178 B.R. 57, 59-60 (M.D. Pa. 1995). Under this test, an interlocutory appeal should be allowed only if: "(1) a controlling question of law is involved; (2) the question is one where there is a substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation." EDP Med. Computer Sys., 178 B.R. at 60 (citing 28 U.S.C. § 1292(b)). Certification by the Bankruptcy Court, however, is not necessary. Id. at 59-60 (citing Bertoli v. D'Avella (In re Bertoli), 812 F.2d 136, 136 (3d Cir. 1987)). The party seeking leave to appeal has the burden

to establish <u>all</u> three criteria.  Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 320 (E.D. Pa. 1994).

### a) Controlling Question of Law

An order involves a controlling question of law "if, on appeal, a determination that the decision contained error would lead to reversal."  Sandenhill, 304 B.R. at 694.  "'[C]ontrolling" means serious to the conduct of the litigation, either practically or legally.'"  <u>Bradburn Parent Teacher Store, Inc. v. 3M</u>, No. Civ. A. 02-7676, 2005 WL 1819969, at *3 (E.D. Pa. Aug. 2, 2005) (quoting Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974)).  An appeal from an order denying a motion to dismiss for lack of subject matter jurisdiction usually involves a controlling question of law.  See <u>N. Fork Bank v. Abelson</u>, 207 B.R. 382, 390 (E.D.N.Y 1997).

DFS has established that the December 8 Order, in which the Bankruptcy Court concluded that it could exercise subject matter jurisdiction, involves a controlling question of law.  Whether a court has jurisdiction speaks directly to its power to adjudicate a particular claim.  If the Bankruptcy Court grants Debtors' motion to certify a national class action, and Debtors succeed on the merits at trial, an erroneous determination by the court that it had subject matter jurisdiction would lead to a reversal on appeal of the final judgment.  Therefore, the December 8 Order involves a controlling question of law.

### b) Substantial Ground for Difference of Opinion

DFS cannot establish a substantial ground for difference of opinion simply by expressing

its dissatisfaction with the Bankruptcy Court's decision.  Instead, "a substantial ground for difference of opinion 'must arise out of genuine doubt as to the correct legal standard.'"  In re Powell, Civ. A. No. 06-4085, 2006 WL 3208843, at *2 (E.D. Pa. Nov. 3, 2006) (quoting P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 355, 360 (D.N.J. 2001)).

Here, there is uncertainty as to the correct legal standard to be applied in deciding whether a bankruptcy court may exercise subject matter jurisdiction over a nationwide class action.  In answering this question in the affirmative, the Bankruptcy Court derived its jurisdiction from 28 U.S.C. § 1334(b), and relied upon the Third Circuit's decision in Maritime Electric Co., Inc. v. United Jersey Bank, 959 F.2d 1194 (3d Cir. 1991).  The issue in Maritime Electric was whether a debtor's filing of a bankruptcy petition in Florida divested the New Jersey district court of jurisdiction to hear the debtor's counterclaims in an action pending at the time of the bankruptcy petition.  Id. at 1209.  In other words, the parties disputed whether the counterclaims should have been heard only by the Florida bankruptcy court.  The Third Circuit concluded that the New Jersey district court had jurisdiction over the debtor's counterclaims pursuant to 28 U.S.C. § 1334(b) because "[a]ll district courts are empowered by the statute to hear cases 're[la]ted to' specific bankruptcies pending in other district courts."  Id. at 1211-12.  Maritime Electric, however, does not directly answer the question posed here because it did not involve a class action, the counterclaims arose under state law rather than under the Bankruptcy Code, and, unlike this case, the counterclaims were pending prior to the filing of the

Chapter 13 petition.

DFS makes two additional points in arguing that genuine doubt exists as to the correct legal standard.  First, DFS explains that at least two bankruptcy courts in this circuit, interpreting 28 U.S.C. § 1334(b), have reached a conclusion contrary to the December 8 Order. (See DFS's Br. in Supp. of Mot. for Leave to Appeal, at 11-12.)  See Porter v. NationsCredit Consumer Disc. Co. (In re Porter), 295 B.R. 529 (Bankr. E.D. Pa. 2003); Beck v. Gold Key Lease, Inc. (In re Beck), 283 B.R. 163 (Bankr. E.D. Pa. 2002).  It is noteworthy that neither Porter nor Beck discussed the Third Circuit's holding in Maritime Electric in the course of their respective analyses.

Second, DFS observes that courts outside the Third Circuit have concluded that they may not exercise subject matter jurisdiction over nationwide class actions.  (See DFS's Br. in Supp. of Mot. for Leave to Appeal, at 7; Dec. Op., at 6-7.)  See Williams v. Sears, Roebuck & Co. (In re Williams), 244 B.R. 858, 866-67 (S.D. Ga. 2000) (subject matter jurisdiction does not exist); Knox v. Sunstar Acceptance Corp. (In re Knox), 237 B.R. 687, 693-94 (Bankr. N.D. Ill. 1999) (same); Nelson v. Providian Nat'l Bank (In re Nelson), 234 B.R. 528, 538 (Bankr. M.D. Fla. 1999) (same).  Thus, the uncertainty over this issue, particularly the interpretation of 28 U.S.C. § 1334(b), is not confined to the Third Circuit.  Accordingly, DFS has satisfied its burden to demonstrate that a substantial ground for difference of opinion exists as to whether a bankruptcy court may exercise jurisdiction over a nationwide class action.

13

### c) Materially Advance the Ultimate Termination of the Litigation

Finally, DFS must demonstrate that an immediate appeal will materially advance the ultimate termination of the litigation.  Several factors are pertinent in determining whether an immediate appeal would materially advance the ultimate termination of the litigation, including: (1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties.  Interwave Tech., Inc. v. Rockwell Automation, Inc., No. Civ. A. 05-0398, 2006 WL 401843, at *6 (E.D. Pa. Feb. 16, 2006); Orson, 867 F. Supp. at 322.  On the other hand, "'[w]here discovery is complete and the case is ready for trial an interlocutory appeal can hardly advance the ultimate termination of the litigation." Bradburn Parent Teacher Store, 2005 WL 1819969, at *4 (quoting FDIC v. Parkway Executive Office Ctr., Nos. Civ. A. 96-121 & 96-122, 1997 WL 611674, at *3 (E.D. Pa. Sept. 24, 1997)).

DFS argues that, absent an immediate appeal and reversal of the December 8 Order, the "class certification issue will involve discovery relating to many debtors in every Federal District in the United States.  The scope of that discovery will unnecessarily prolong the life of this adversary proceeding."  (DFS's Br. in Supp. of Mot. for Leave to Appeal, at 15.)  DFS also contends that there is a grave risk that the parties will expend significant time and resources litigating a nationwide class action over which the Bankruptcy Court did not have jurisdiction to hear in the first instance.  (Id.)  Therefore, DFS submits that an immediate appeal will materially

14

advance the ultimate termination of the litigation.

The arguments set forth by DFS are persuasive.  The litigation is at an early stage, and any trial will not occur in the foreseeable future.  While a reversal of the December 8 Order does not, by itself, terminate this litigation, it would resolve a large portion of the litigation without wasting the scarce resources of the Bankruptcy Court and the parties.  Discovery would also be simplified, particularly with respect to Debtors' motion for class certification, and could proceed in an expeditious manner without significant expense.  Therefore, DFS has demonstrated that an immediate appeal would materially advance the ultimate termination of this litigation.

In summary, DFS has established that the December 8 Order involves a controlling question of law for which there is a substantial ground for difference of opinion, and that an immediate appeal would materially advance the ultimate termination of the litigation.  Consequently, DFS's motion for leave to appeal will be granted.[6]

---

[6]Debtors correctly observe that, in addition to the three criteria borrowed from 28 U.S.C. § 1292(b), DFS must also demonstrate exceptional circumstances warranting an immediate appeal.  (See Debtors' Br. in Opp'n to DFS's Mot. for Leave to Appeal, Dkt. Entry 7, No. 3:06-CV-1061, at 5 (citing Chase Manhattan Bank v. AroChem Corp. (In re AroChem Corp.), 198 B.R. 425, 427 (D. Conn. 1996)); see also EDP Med. Computer Sys., 178 B.R. at 60.  In this matter, it is evident that exceptional circumstances exist.  If DFS was required to wait until a final judgment to appeal the December 8 Order, discovery would go forward on the class certification motion on a nationwide basis, at considerable expense to the parties.  If a nationwide class action is certified, a large-scale trial would consume further resources of the court and the parties.  Significantly, if the December 8 Order is erroneous, the parties' efforts would be for naught, substantial resources would be wasted, and the litigation needlessly

### 3.  The Debtors' Appeal of the December 8 Order

Debtors appealed the December 8 Order on the assumption that it is a final order under 28 U.S.C. § 158(a)(1).  The foregoing discussion reveals that this assumption was incorrect.  Thus, unless the Court grants Debtors' leave to appeal, the Court does not have jurisdiction to hear Debtors' appeal.  Unlike DFS, however, Debtors did not file a motion for leave to appeal.  This is not essential, though, because the Federal Rules of Bankruptcy Procedure permit the consideration of an improper appeal as a motion for leave to appeal.

Specifically, Rule 8003(c), in part, provides:

> If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court . . . may grant leave to appeal or direct that a motion for leave to appeal be filed.  The district court . . . may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal.

Fed. R. Bankr. P. 8003(c).  In this case, Debtors filed a timely notice of appeal regarding the December 8 Order.  Therefore, the Court will consider the notice of appeal as a motion for leave to appeal.[7]

The interests of judicial economy will be best served by hearing both DFS's and

_____

protracted.  As such, the circumstances here are exceptional and an immediate appeal is warranted.

[7]In its brief in support of its Condition Motion to Dismiss Debtors' Appeal, DFS stated that it would not object to this Court hearing Debtors' appeal of the December 8 Order if the Court granted DFS's motion for leave to appeal.  (See DFS's Supp. Br., at 11.)  Because the Court has granted DFS leave to appeal, this aspect of DFS's conditional motion will be denied.

Debtors' appeal of the December 8 Order.  First, the ultimate resolution of this litigation will be advanced by an adjudication of the viability of the claims presented in Counts III and IV.  On the other hand, if the Court declined to permit an immediate appeal by Debtors, and this Court later determined that the Bankruptcy Court erred in dismissing Counts III and IV, the cause would have to be remanded to the Bankruptcy Court for additional proceedings related to Counts III and IV.  Thus, a refusal to resolve Debtors' appeal at this juncture would achieve the very result sought to be avoided by the principles of finality and limited review of interlocutory orders – piecemeal litigation.

Moreover, a single resolution of all of the issues presented in the appeals of the December 8 Order will provide clarity to the parties and the Bankruptcy Court as to the exact claims comprising this litigation.  This, in turn, will promote the most efficient utilization of resources.  Accordingly, the Court will grant Debtors leave to appeal the December 8 Order.

### B. The April 17 Order

Debtors also appeal the April 17 Order denying their motion to amend the Complaint to join the Trustee as an involuntary plaintiff.  DFS argues that the April 17 Order is interlocutory. The April 17 Order was entered in a specific adversary proceeding and, therefore, the traditional rules of finality control.  The April 17 Order did not terminate the litigation on the merits and, as such, is not a final order under 28 U.S.C. § 158(a)(1).  See Brzozowski v. Corr. Physician Servs., Inc., 360 F.3d 173, 176 (3d Cir. 2004) (order denying joinder is interlocutory).

As with the December 8 Order, the Court will regard Debtors' notice of appeal of the April 17 Order as a motion for leave to appeal and will grant the motion.  The same considerations that influenced the Court's decision with respect to the December 8 Order warrant an identical conclusion as to the April 17 Order.  DFS objects to an immediate appeal of the April 17 Order because it contends that it involves an issue separate and distinct from the claims and defenses between the "existing parties," DFS and Debtors.  (DFS's Supp. Br., at 13.)  Debtors, however, moved to amend the Complaint to join the Trustee as an involuntary plaintiff in <u>response</u> to the December 8 Order.  As such, the issues of the December 8 and April 17 Order are intertwined and can conveniently be resolved in a single appeal.  Therefore, Debtors' motion for leave to appeal the April 17 Order will be granted.

## III. <u>CONCLUSION</u>

For the reasons stated, DFS's motion to appeal the December 8 Order will be granted, DFS's conditional motion to dismiss the Debtors' appeal will be denied, and Debtors' converted motion to appeal the December 8 and April 17 Orders will be granted.  An appropriate Order follows.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EILEEN PATRICK, KURT<br>UNDERKOFLER, SUSAN A. HELSEL,<br>      Appellants | : | |
|        VS. | : | 3:CV-06-0978 |
| | : | (JUDGE VANASKIE) |
| DELL FINANCIAL SERVICES, DELL<br>INC. Agent of Dell Computer Corp.<br>CIT GROUP, INC., NEWCOURT<br>CREDIT GROUP, INC., TYCO<br>IINTERNATIONAL, LTD/BER, Agent of<br>Tyco International, Ltd. Agent of Tyco<br>International (US), Inc. | : | |
| DELL FINANCIAL SERVICES,<br>      Appellee | : | |

| | | |
|---|---|---|
| DELL FINANCIAL SERVICES, DELL<br>INC. d/b/a Dell Computer Corp., CIT<br>GROUP, INC., NEWCOURT CREDIT<br>GROUP, INC., TYCO INTERNATIONAL<br>LTD/BER | : | |
| DELL FINANCIAL SERVICES,<br>      Appellant | : | |
|        VS. | : | 3:CV-06-1061 |
| | : | (JUDGE VANASKIE) |
| EILEEN PATRICK, KURT<br>UNDERKOFLER, SUSAN A. HELSEL,<br>      Appellees | : | |
| CHARLES J. DEHART, III<br>      Trustee | : | |
| UNITED STATES TRUSTEE<br>      Trustee | : | |

<u>ORDER</u>

**NOW, THIS 29th DAY OF MARCH, 2007,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Dell Financial Services, L.P.'s Motion for Leave to Appeal the December 8 Order (Dkt. Entry 2, No. 3:06-CV-1061) is **GRANTED.** The date of this Court's Order shall be the operative date for purposes of Fed. R. Bankr. P. 8006 (designation of the record) and Fed. R. Bankr. P. 8009(a) (briefing schedule).

2. Debtors' Motion for Leave to Appeal the December 8 and April 17 Orders, as converted from their Notice of Appeal (Dkt. Entry 1, No. 3:06-CV-0978), is **GRANTED.**

3. Dell Financial Services, L.P.'s Conditional Motion to Dismiss Debtors' Appeal (Dkt. Entry 13, No. 3:06-CV-0978) is **DENIED.**

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge
